STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>SALEM COMMUNICATIONS CORPORATION, a Delaware corporation; and MAX FROST, an individual,<br><br>Defendants. | Case No.: 2:10-cv-1034<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Salem Communications Corporation ("Salem") and Max Frost ("Mr. Frost"; collectively with Salem known herein as the "Defendants"), on information and belief:

## **NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Salem is, and has been at all times relevant to this lawsuit, a Delaware corporation.

5. Salem is, and has been at all times relevant to this lawsuit, identified by the current registrar, Corporate Domains, Inc. ("Corporate Domains"), as the registrant of the Internet domain found at <blogtownhall.com> (the "Domain").

6. Salem is, and has been at all times relevant to this lawsuit, identified by Corporate Domains as the administrative and technical contact for the Domain.

7. Mr. Frost is, and has been at all times relevant to this lawsuit, the author of the personal blog forum found at www.melcward.blogtownhall.com (the content accessible through the Domain and the Domain itself, collectively known herein as the "Website"), as identified by the Website, attached hereto as Exhibit 1.

# JURISDICTION

8. This Court has original subject matter jurisdiction over this copyright infringement action, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9. Righthaven is the copyright owner of the literary work entitled: "Conservatives already getting nasty in drive to unseat Reid" (the "Work"), attached hereto as Exhibit 2.

10. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

11. At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

12. On or about March 17, 2010, the Defendants displayed an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

13. At all times relevant to this lawsuit, the Infringement depicted the original source publication as the Las Vegas *Review-Journal*.

14. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

15. The subject matter, at least in part, of both the Work and the Infringement is the conservative political party's efforts to ensure Senator Reid does not get re-elected.

16. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

17. The Defendants display of the Work was purposefully directed at Nevada residents.

18. The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

19. The Defendants' unauthorized reproduction of Righthaven-owned copyrighted work found on the Website was and is purposefully targeted at Nevada residents.

20. Salem purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

21. Mr. Frost purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

**VENUE**

22. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

23. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Salem is subject to personal jurisdiction in Nevada.

**FACTS**

24. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

25. Righthaven is the owner of the copyright in and to the Work.

26. The Work was originally published on February 9, 2010.

27. On June 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007151827 (the "Registration") and attached hereto as Exhibit 4, is evidence of the Registration from the official USCO database record depicting the occurrence of the Registration.

28. As of June 25, 2010, Salem is, and has been at all times relevant to this lawsuit, identified by Corporate Domains as the registrant, administrative contact and technical contact for the Domain.

29. On March 17, 2010, the Defendants reproduced an unauthorized copy of the Work on the Website.

30. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

31. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

32. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 31 above.

33. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

34. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

35. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

36. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

37. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

38. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

39. The Defendants distributed an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

40. The Defendants publicly displayed an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

41. Salem has willfully engaged in the copyright infringement of the Work.

42. Mr. Frost has willfully engaged in the copyright infringement of the Work.

43. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

44. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

 a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

 b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

 c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Corporate Domains and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-fifth day of June, 2010.

                                      RIGHTHAVEN LLC

                                      By: /s/ J. Charles Coons
                                      STEVEN A. GIBSON, ESQ.
                                      Nevada Bar No. 6656
                                      J. CHARLES COONS, ESQ.
                                      Nevada Bar No. 10553
                                      JOSEPH CHU, ESQ.
                                      Nevada Bar No. 11082
                                      9960 West Cheyenne Avenue, Suite 210
                                      Las Vegas, Nevada 89129-7701
                                      Attorneys for Plaintiff